## QUIS v. HALLORAN.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

SALES—WARRANTY—CAVEAT EMPTOR—PATENT DEFECTS.

Where the seller of a horse called the attention of the purchaser, who
had driven horses for 20 years, to a swelling on the horse's leg, and
stated that it would go away when the horse was worked, the statement
was a mere expression of opinion; and the buyer, being in as good a
situation as the seller to judge of the effect of the swelling, would be
deemed to have made his purchase with full knowledge of the defect.

Appeal from municipal court, Queens county.
Action by William Quis against Martin Halloran. From a judg-
ment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

William J. Boyhan, for appellant.
Philip Frank (Seymour Mork, on the brief), for respondent.

WOODWARD, J.　The plaintiff brings this action to recover $75, the purchase price of a horse alleged to have been sold to the defendant.　The defendant claims that he purchased the horse conditionally; that he was to take the horse on trial for two days, under a warranty that the animal would draw a load of 3,000 to 3,500 pounds anywhere, and, if the horse proved satisfactory, that he would pay the sum of $75 in two payments.　There is no substantial disagreement as to the facts, except as to the question of warranty and the conditional sale. The learned judge of the municipal court, after hearing the evidence, which was conflicting as to every material point, has found in favor of the plaintiff, and a careful reading of the evidence shows no substantial ground on which a reversal might be based.　The defenses of a warranty and of a conditional sale are, in a measure, inconsistent. If the defendant was to take the horse only upon his proving satisfactory, there was no occasion for the warranty that he would pull the load stated, while, if the defendant relied upon the warranty, there was no conditional sale; and the evidence is not such as to support either defense, the burden of establishing an affirmative defense being upon the defendant.　In so far as the swelling upon the horse's leg was concerned, the defendant was in as good a situation to judge of its effect upon the horse as the plaintiff, and he must be deemed to have purchased the horse with full knowledge of the defects to which his attention was called at the time.　Any representations of the plaintiff that the swelling would disappear after the horse had been worked was, at best, a mere expression of opinion; and the defendant, who testified that he had driven horses for 20 years or more, was in as good a position to judge of this as the plaintiff,—especially as the matter was called to his attention at the time of the sale, and no effort was made to disguise or conceal the defect.

The judgment appealed from should be affirmed, with costs.　All. concur.